UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

NATHEN BARTON,

            Plaintiff,

   v.

AMERICA'S LIFT CHAIRS, LLC; JOHN DOE 1-10,

            Defendants.

Case No. 3:21-cv-5850

**NOTICE OF REMOVAL**

**TO:**    **CLERK OF THE COURT;**

**AND TO:**    **ALL PARTIES AND THEIR COUNSEL OF RECORD.**

**PLEASE TAKE NOTICE** that, for the reasons set forth below, defendant America's Lift Chair LLC[1] ("ALC" or "Defendant"), hereby removes the above-captioned action *Nathen Barton v. America's Lift Chair LLC and John Doe 1-10*, Case No. 21C4483-1, from the District Court of the State of Washington in and for Clark County to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and the Western District of Washington Local Civil Rule 101.

---

[1] Plaintiff's Complaint names America's Lift Chairs LLC; however, the correct name is America's Lift Chair LLC.

NOTICE OF REMOVAL - 1
CASE NO. 3:21-cv-5850

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

In support of its removal of this action, Defendant states as follows:

1. On or about August 31, 2021, Pro-se Plaintiff Nathen Barton ("Plaintiff") filed this action, captioned *Nathen Barton v. America's Lift Chairs LLC and John Doe 1-10*, in the District Court of the State of Washington in and for Clark County, Case No. 21C4483-1. Attached as **Exhibit 1** is a true and correct copy of Plaintiff's state court Original Complaint for Civil Case and Injunctive Relief (the "Complaint").

2. Plaintiff served Defendant with the Summons and Complaint on October 27, 2021 and therefore this Notice of Removal is timely made pursuant to 28 U.S.C. § 1446(b).

3. No substantive proceedings have occurred in the District Court of the State of Washington in and for Clark County, as of the date of this Notice of Removal. No defendant has answered or moved in response to the Complaint filed by Plaintiff. Defendant hereby reserves any and all rights to assert any and all defenses and/or objections to the Complaint.

4. Removal to the United States District Court for the Western District of Washington, Tacoma Division, is proper because this Court embraces Clark County, where the action is pending.

5. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon ALC are attached hereto as **Exhibit 2-6**.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is promptly being served upon Plaintiff and filed with the clerk of the District Court of Washington, Clark County.

**Grounds for Removal**

7. Removal is proper because this Court has original jurisdiction over this action based on a federal question pursuant to 28 U.S.C. § 1331. Plaintiff alleges violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act (the "TCPA"), a federal statute.

NOTICE OF REMOVAL - 2
CASE NO. 3:21-cv-5850

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

### Allegations in the Complaint

8. Plaintiff alleges receiving four telephone calls in August 2021. Complaint ("Compl.") at 1:7 through 5:1.

9. As a result, Plaintiff claims, Defendant violated "TCPA, 47 C.F.R. § 64.200, and TCPA 47 U.S.C. 227(c) by texting Plaintiff's cellular telephone number without invitation or consent . . . and 47 U.S.C. 227(b) by calling Plaintiff's cellular telephone without invitation or consent, while using an artificial or prerecorded voice." Compl. at 6:2-5. Plaintiff seeks, among other relief, treble damages under the TCPA. *Id.* at 7:18-19.

10. The TCPA prohibits certain telephone calls, including "call[s] . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Calls, however, are not actionable if they are made with consent. 47 U.S.C. § 227(b)(1)(A).

11. In the event of a violation, the TCPA provides for statutory damages. 47 U.S.C. § 227(b)(3)(B). In the event of a willful or knowing violation, the statute allows a "court . . ., in its discretion, [to] increase the amount of the award to an amount equal to not more than 3 times the amount available . . . ." *Id.* at 227(b)(3)(C).[2]

12. Though ALC disputes that Plaintiff has any claim, and disputes that he has adequately alleged any claim, Plaintiff's claim arises under Federal law, the TCPA.

### This Court Has Federal Question Jurisdiction

13. The Supreme Court held in *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." *Id.* at 745. Accordingly, this Court has original jurisdiction over this action pursuant

---

[2] The TCPA's regulations also include provisions addressing telephone numbers registered on the National Do-Not-Call Registry. *See* 47 C.F.R. § 64.1200(c)(2). Plaintiff claims that he "has been registered on the National Do Not Call Registry." Compl. at 3:3-4.

NOTICE OF REMOVAL - 3
CASE NO. 3:21-cv-5850

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

to 28 U.S.C. § 1331, and it is properly removable to this Court pursuant to 28 U.S.C. § 1441(a). *See Wisc. Dept. of Corrections v. Schacht*, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."); *see also Mims*, 132 S. Ct. at 753 n.15 ("When Congress wants to make federal claims instituted in state court nonremovable, it just says that.").

14. Accordingly, because this Court has original jurisdiction of civil actions that present a federal question pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this case.

**Supplemental Jurisdiction Over State Law Claims is Proper**

15. In addition to a claim under the TCPA, Plaintiff attempts to assert claims under Washington state law. Plaintiff attempts to allege violations of (1) RCW 19.158.050 for failing to register as a Commercial Telephone Solicitors with the Washington State Department of Licensing (Compl. 6:8-10); (2) RCW 19.158.110 for failing to identify the company on whose behalf the solicitation was being made in the first 60 seconds of the phone call (Compl. 6:12-18); (3) RCW 19.158.150 for failure to register with the Washington State Department of Licensing as Commercial Telephone Solicitors (Compl. at 6:20-23); (4) RCW 80.36.390(2) for failing to identify a "legally identifiable company or organization" within the first 30 seconds of the phone calls (Compl. at 7:1-5); and (5) RCW 80.36.400 for using an automated dialing and announcing device without Plaintiff's consent (Compl. at 7:7-16).

16. The state law claims stem from the same facts as the TCPA claim. All the claims arise from the same alleged telephone calls that Plaintiff claims violate the TCPA.

17. Because this Court has federal question jurisdiction over the Plaintiff's TCPA claim, it should exercise jurisdiction over the state law claims, which arise from the same facts. *See Nalan v. Access Finance, Inc.*, 5:20-cv-02785-EJB, 2020 WL 6270945, at *4 (N.D. Cal. Oct. 23, 2020) ("state and federal law claims must 'derive from a common nucleus of operative fact' in order for the court to exercise supplemental jurisdiction over the state law claims."); *Watts v.*

NOTICE OF REMOVAL - 4
CASE NO. 3:21-cv-5850

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

*Enhanced Recovery Corp.*, No. 10-CV-02606-LHK, 2010 WL 3448508, *2 (N.D. Cal. Sept. 1, 2010) ("Plaintiff's complaint asserts claims under the federal Fair Debt Collection Practices Act . . ., the federal Consumer Credit Reporting Agencies Act . . ., and the federal Telephone Consumer Protection Act . . . . Plaintiff's action clearly arises under federal law, and this Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367."); *Mackintosh v. Lyft, Inc.*, No. 2:19-cv-1849-MCE-KJN PS, 2019 U.S. Dist. LEXIS 190252, *6 (E.D. Cal. Nov. 1, 2019) ("Plaintiff's numerous state-law claims appear to arise out of the same nucleus of facts as his federal claims, and so the Court maintains supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367").

## Conclusion

18. For all of the reasons stated herein, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, and it is removable to this Court pursuant to §§ 1441, 1446.

19. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 101(c), and the subjoined verification of R. Omar Riojas, attached as **Exhibit 2-4** are copies of all process, pleadings, and orders from the state court action that were served on ALC (other than the Complaint, which is attached as **Exhibit 1**) and attached as **Exhibit 5** are documents reflecting all other additional records and proceedings in the state court which are as follows:

      a. Clark County District Court Case Information Cover Sheet;
      b. Summons (60 Days);
      c. Declaration re: Service Members Civil Relief Act; and
      d. Notice of Appearance of Román D. Hernández.

20. By removing the action to this Court, Defendant does not waive any available defenses, objections or motions.

21. Defendant reserves the right to amend or supplement this Notice of Removal. Based on the foregoing, Defendant hereby removes this lawsuit to this Court.

NOTICE OF REMOVAL - 5
CASE NO. 3:21-cv-5850

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

RESPECTFULLY SUBMITTED this 19th day of November, 2021.

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**

*/s/ R. Omar Riojas*
R. Omar Riojas, WSBA No. 35400
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
E-mail: riojas@goldfarb-huck.com

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
*/s/ Roman D. Hernandez*
Román D. Hernández, WSBA No. 39939
100 Main Street, Ste. 100
Portland, OR 97204
Telephone:    (503) 290-2400
E-mail:    roman.hernandez@troutman.com

*/s/ Meagan Anne Mihalko*
Meagan Anne Mihalko (*pro hac vice application forthcoming*)
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
Telephone:    (804) 697-1281
E-mail:    meagan.mihalko@troutman.com

*Attorney for Defendant America's Lift Chair LLC*

NOTICE OF REMOVAL - 6
CASE NO. 3:21-cv-5850

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

**VERIFICATION**

Pursuant to Western District of Washington Local Civil Rule 101(c), the undersigned counsel for America's Lift Chair LLC, hereby verifies that the documents attached hereto as Exhibits 1-5 are true and complete copies of all the records and proceedings in the state court proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED at Seattle, Washington on this 19th day of November, 2021.

/s/ R. Omar Riojas
R. Omar Riojas, WSBA No. 35400

NOTICE OF REMOVAL - 7
CASE NO. 3:21-cv-5850

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

## **CERTIFICATE OF SERVICE**

I certify that on this November 19, 2021, a copy of the foregoing document was served on all of the parties as stated below:

| | |
|---|---|
| Nathen Barton<br>4618 NW 11th Cir.<br>Camas, WA 98607<br>Telephone: 718-710-5784<br>Email: farmersbranch2014@gmail.com<br><br>*Plaintiff Nathen Barton (pro se)* | ☒ via efiling/email<br>☐ via personal service<br>☒ via US Mail<br>☐ via fax |

DATED this 19th day of November, 2021.

                        */s/ Angela A. Trinh*
                        Angela A. Trinh

NOTICE OF REMOVAL - 8
CASE NO. 3:21-cv-5850

**GOLDFARB & HUCK**
**ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260