# EXHIBIT 1

FILED
AUG 31 2021
DISTRICT COURT
CLARK COUNTY, WASH.

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF CLARK

NATHEN BARTON,

Plaintiff

v.

AMERICA'S LIFT CHAIRS LLC &

JOHN DOE 1-10

Defendants.

Case No.: 21C4483-1

ORIGINAL COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF

Jury Trial: ☒ Yes ☐ No

## I. BASIS FOR JURISDICTION

Plaintiff Nathen Barton is a natural person and resident of Clark County, Washington.

Jurisdiction in this court is correct because of where Plaintiff resides, and his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the Defendant.

Half of the phone calls alleged in this complaint were received in Clark County, Washington State.

All the telemarketing phone calls and text messages alleged in this complaint were made to one specific 360-area code cell phone with a phone number that is assigned to Plaintiff in exchange for a monthly service fee.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 1 / 8

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1  Defendants were or should have been aware they were reaching into the Western area of
2  Washington State by text messaging a 360-area code number.

3  Defendants reached into Washington State by their choice of calling numbers – they used
4  a (503), (425) and two different (360) area code calling numbers to solicit Plaintiff.

5  All the calls and text messages alleged occurred during the year 2021.

## II.  THE PARTIES TO THE LITIGATION

7  Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the
8  bounds of Clark County, Washington State.

9  Defendant America's Lift Chairs LLC ("ALC") is a Delaware registered company with a
10  publicly listed address[1] of 24 Oglethorpe Professional Blvd, Suite 300, Savannah GA 31406.
11  ALC's government registration paperwork lists the address of 2 Village Walk, Suite 204,
12  Savannah GA 31411.

13  ALC uses the website *https://www.americasliftchair.com/contact-us/*.

14  ALC may be served with process via Registered Agent Jason Jue ("Jason"), 2 Village
15  Walk, Suite 204, Savannah GA 31411.

16  Jason uses both the 2 Village Walk address and the 24 Oglethorpe Professional Blvd for
17  business purposes.

## III.  STATEMENT OF CLAIM

19  On July 9, 2020, Plaintiff registered and paid for a Washington State (360) telephone area
20  code cellular number to be primarily used by his minor child. It is a Protected Computer as it is
21  used in a manner that affects interstate or foreign commerce or communication. The phone is

---

[1] See *https://www.americasliftchair.com/contact-us/*

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 2 / 8

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1 and was on a very limited service plan, with each call, text, or data usage subtracting from a
2 fixed amount of each available each month.

3 The cell phone number at issue was registered on the FTC national *do-not-call* registry
4 more than 31 days before August 4, 2021.

5 Plaintiff never invited or consented for ALC to call Plaintiff for any reason.

### Call #1

7 On August 4, 2021, Plaintiff answered phone call placed from (360) 717-2858.  A pre-
8 recorded or artificial voice introduced himself with

> "Hi this is John with Medical Support Group.  Can you hear me ok?  Ok and I just have to let you know this call is being recorded for quality assurance and the reason for the call is we are reaching out to people just like you who recently used one of our partners' medical alert hearing aid devices or another quality of life related product in the past and letting you know about an amazing promotion that we are running today.
>
> Now the good news is one of our partners a leading lift chair company in America is running a special 14 day risk free trial"

14 "John's" sales pitch went on, lasting about 2 minutes, at which point a live person named
15 "Liam" joined the call.  Liam continued the sales pitch for another five minutes or so.
16 Eventually Plaintiff hung up.

### Call #2

18 On August 5, 2021, Plaintiff answered phone call placed from (425) 382-6898.  A pre-
19 recorded or artificial voice introduced himself with

> "Hi this is John with Medical Support Group.  Can you hear me ok?  Ok and I just have to let you know this call is being recorded for quality assurance and the reason for the call is we are reaching out to people just like you who recently used one of our partners' medical alert hearing aid devices or another quality of life related product in the past and letting you know about an amazing promotion that we are running today.
>
> Now the good news is one of our partners a leading lift chair company in America is running a special 14 day risk free trial"

1  "John's" sales pitch went on, lasting about 2 minutes, at which point a live person named
2  "Every" joined the call.  Every continued the sales pitch another six minutes or so, and
3  eventually revealed that the seller's website was *AmericasLiftChair.com*.  This is the website for
4  ALC.  Eventually Plaintiff hung up.

### Call #3

6  On August 13, 2021, Plaintiff answered phone call placed from (509) 309-0986.  The
7  caller made funny noises and hung up 8 seconds later.  Plaintiff immediately redialed the number
8  back, and the phone was answered with:

> "Hi this is John with Medical Support Group thanks for giving me a quick call back.  Just to let you know this call is being recorded for quality assurance and the reason we were calling you is we're reaching out to people who recently used one of our partners' medical alert hearing aid devices or another quality of life related product to let them know about an awesome promotion that we are running.
>
> Ok and just to let you know this call is being recorded for quality assurance and the reason for the call is . . . <long pause>
>
> Now the good news is one of our partners a leading lift chair company in America is running a special 14 day risk free trial"

"John's" sales pitch went on, lasting about 2 minutes, at which point Plaintiff hung up.

### Call #4

On August 4, 2021, Plaintiff answered phone call placed from (360) 614-2234.  A pre-recorded or artificial voice introduced himself with

> "Hi this is John with Medical Support Group.  Can you hear me ok?  Ok and I just have to let you know this call is being recorded for quality assurance and the reason for the call is we are reaching out to people just like you who recently used one of our partners' medical alert hearing aid devices or another quality of life related product in the past and letting you know about an amazing promotion that we are running today.
>
> Now the good news is one of our partners a leading lift chair company in America is running a special 14 day risk free trial"

1     "John's" sales pitch went on, lasting about 2 minutes. Eventually Plaintiff hung up.

## ALC is Annoying the Public

As much as Plaintiff's children would undoubtably love a fancy chair, Plaintiff is not in the market for one. ALC repeatedly called Plaintiff marketing their chair, wasting Plaintiff's time with each phone call and distracting the family from their activities.

## Commercial Telephone Solicitors

RCW 19.158.020 says:

(1) A "commercial telephone solicitor" is any person who engages in commercial telephone solicitation

(2) "Commercial telephone solicitation" means:
    (a) An unsolicited telephone call to a person initiated by a salesperson and conversation for the purpose of inducing the person to purchase or invest in property, goods, or services;

RCW 19.158.050(1) says in part:

"In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

ALC not registered to do any business in Washington State, thus do not have this endorsement on their not-existing Washington State business license, and ALC acted as unlicensed commercial telephone solicitors while soliciting goods and services to Plaintiff in conversation.

## IV.    RELIEF

### Federal Claims

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 5 / 8      NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

## TCPA 47 U.S.C. 227

Defendant violated the regulations governing the TCPA, 47 C.F.R § 64.1200, and TCPA 47 U.S.C. 227(c) by texting Plaintiff's cellular telephone number without invitation or consent.

Defendants violated 47 U.S.C. 227(b) by calling Plaintiff's cellular telephone without invitation or consent, while using an artificial or prerecorded voice.

## Washington State Claims

## RCW 19.158.050

ALC was not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when four of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

## RCW 19.158.110

RCW 19.158.110(1) requires:

(1) Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:
(a) Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold;

In four solicitation calls initiated by ALC to Plaintiff, ALC violated Washington State RCW 19.158.110(1) by not identifying the company on whose behalf the solicitation was being made in the first 60 seconds of the phone call.

## RCW 19.158.150

Defendants violated Washington State RCW 19.158.150 each time ALC solicited Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

## RCW 80.36.390(2)

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 6 / 8

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Washington State RCW 80.36.390(2) says

A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call.

In four solicitation calls the Defendants failed to identify a legally identifiable company or organization name behind the solicitation within the first 30 seconds of the phone calls.

### RCW 80.36.400

Washington State RCW 80.36.400(2) states:

"No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

Defendants violated Washington State RCW 80.36.400(2) four times by calling Plaintiff's cellular telephone number times without consent or invitation, while using an automatic dialing and announcing device for commercial solicitation.

RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services."

### Treble Damages

Plaintiff believes the record shows that Defendants' violations of the law were willful or knowing. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), TCPA 47 U.S.C. 227(b)(3), and the presumption that violations of RCW 80.36.400 and RCW 19.158.030 triple damages under the Washington State Unfair Business Practices Act RCW 19.86.

### Injunctive Relief

TCPA 47 U.S.C. 227(b)(3)(A) and 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,".

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 7 / 8         NATHEN BARTON
                                                                4618 NW 11TH CIR
                                                                CAMAS WA 98607

Washington State RCW 80.36.390(6) says:

> A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass calling and texting machine. It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future.

Plaintiff asks this Court to enjoin the Defendants from calling phone numbers using pre-recorded or artificial voices without consent.

### All other Possible Damages

Plaintiff prays for all possible damages, in law and in equity, statutory and real, that he might be entitled too. Examples might be, but are not limited to, court costs, attorney fees, punitive damages, pre-judgement interest, and post-judgement interest.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at Vancouver, WA on ___8/31/2021___.

_____
(Nathen Barton)

Nathen Barton
(718) 710-5784
4618 NW 11th Cir
Camas WA 98607

Defendant:
America's Lift Chairs LLC
24 Oglethorpe Professional Blvd, Suite 300,
Savannah GA 31406
(855) 456-5438
info@americasliftchair.com

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 8 / 8

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607